Dear Ms. Vincent:
You requested an opinion from Attorney General Richard Ieyoub regarding a pay inequity among some Leesville Police Officers whose positions are classified Civil Service positions. This request has been forwarded to me for research and response.
Specifically, you stated your questions as these:
 1) Is it permissible to pay one employee more than another employee in the same civil service class if the former employee has been in service longer than the latter employee?
 2) Can the Fire and Police Civil Service Board order the city administration to increase pay for some employees to correct an inequity in the pay scale?
 3) Does a prior step increase plan which is no longer in existence justify higher pay?
Review of the following statutes regulating Fire and Police Civil Service Boards is required to answer your questions:
LA-R.S. 33:2537 Duties of the Board
 The board shall:
 1. Represent the public interest in matters of personnel administration in the fire and police service of the municipal government, or parish government, or fire protection district government of which the fire service is a part.
 2. Advise and assist the governing body, mayor, commissioner of public safety and the chief of the fire department of the municipality, or the parish governing authority, or fire protection district, governing authority, as the case may be, with reference to the maintenance and improvement of personnel standards and administration in the fire and police service, and the classified system.
 3. Advise and assist the employees in the classified service with reference to the maintenance, improvement and administration of personnel matters related to any individual or group of employees.
 4. Make, at the direction of the mayor, commissioner of public safety, chief of the fire department of the municipality, or president of the parish governing authority, or chairman of the board of commissioners of the fire protection district, or upon the written petition of any citizen for just cause or upon its own motion, any investigation concerning the administration of personnel or the compliance with the provisions of this Part in the fire and police service; review and modify or set aside, upon its own motion, any of its action, and take any other action which it determines to be desirable or necessary in the public interest or to carry out effectively the provisions and purposes of this Part.
 5. Conduct investigations and pass upon complaints by or against any officer or employee in the classified service for the purpose of demotion, reduction in position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part.
 6. Hear and pass upon matters which the mayor, commissioner of public safety, the chief of the fire or police departments of the municipality, or any member of the parish or fire protection district governing authority or the state examiner of fire and police civil service brings before it.
 7. Make, alter, amend and promulgate rules necessary to carry out effectively the provisions of this Part.
 8. Adopt and maintain a classification plan. The classification plan shall be adopted and maintained by rules of the board.
 9. Make reports to the governing body, either upon its own motion or upon the official request of the governing body, regarding general or special matters of personnel administration in and for the fire or police service of the municipality, parish or fire protection district, as the case may be, or with reference to any appropriation made by the governing body for the expenses incidental to the operation of the board. LA-R.S. 33:2545 Use of class titles (in pertinent part)
 . . . No employee shall be appointed, employed or paid under any title other than that of the class to which the position held by him is allocated. LA-R.S. 33:2561 Appeals by employees to the board (in pertinent part)
 Any regular employee in the classified service who feels that he has been discharged or subjected to any corrective or disciplinary action without just cause may, within fifteen days after the action, demand in writing a hearing and investigation by the board to determine the reasonableness of the action. . . .
The answer to your first question is yes. One employee who has been in service longer than another in the same class could be paid more.
While no statute addresses this issue, the question was discussed with Mr. Paul Daly, State Examiner for the Louisiana Office of Municipal Fire and Police Civil Service. He stated that a pay plan is adopted by the appointing authority, in this case the administration of the City of Leesville. Since the civil service board does not develop or adopt the pay plan, it has no authority to dictate how much an employee is paid. The only time the civil service board deals with employee pay is if the employee is not paid according to the position he holds or if the employee has been improperly disciplined. (See pertinent parts of LA-R.S. 33:2545 and 2561 above).
Pay plans typically have a minimum rate at which an employee begins a class as well as intermediary rates and a maximum rate. The higher pay rates must be justified by objective criteria such as longevity, education, attainment and maintenance of certifications related to departmental business, and advanced training if this training is available to all on a non-discriminatory basis. Any criteria for higher pay rates must be identified in the pay plan. Because these factors allow for increases in pay, it is certainly foreseeable that an employee with more years of service would be paid more than someone with less service in the same class. This is permissible if the pay raises have been given in an objective and non-discriminatory manner according to criteria articulated in the pay plan.
With regard to the second question, LA-R.S. 33:2537 lists the duties of the civil service board. According to this list, there are no fiscal or budgetary matters delegated to the board. Instead, the classification of employees and other personnel matters are the primary focus for the civil service board. While s. 2537 (8) lists the adoption and maintaining of a classification plan as one of the duties of the board, no mention is made of a pay plan.
Also, LA-R.S. 33:2545 and 2561 suggest that if an employee is not paid according to the pay plan for his title and classification or if an employee is discharged or disciplined without just cause, the civil service board could investigate, conduct a hearing and order a remedy. Therefore, in a rare instance when a raise is considered a remedy to correct some wrong such as being improperly paid or for being disciplined without just cause, an increase could be ordered. Otherwise, the civil service board cannot order the appointing authority to give raises.
Your third question is answered affirmatively since an objective nondiscriminatory pay plan could have allowed for previous step increases. However, if these "steps" are still in existence, they should be described in the current pay plan and should have been given in a non-discriminatory manner.
I hope this answers your questions. However, if you need any further information do not hesitate to contact me.
Sincerely,
 Richard P. Ieyoub Attorney General
 By: Frances E. Jones Assistant Attorney General